■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN PHILLIPS, Appellant. [602 NYS2d 101] —Judgment, Supreme Court, New York County, rendered October 18, 1991, convicting defendant, after a jury trial, of criminal possession of a weapon in the third degree (Clifford Scott, J., at suppression hearing; Budd Goodman, J., at trial and sentence), and convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree (Budd Goodman, J.), and sentencing him as a second felony offender,

to consecutive terms of 3 to 6 years and 2 to 4 years, respectively, unanimously modified, on the law, to the extent of vacating defendant's conviction of criminal possession of a weapon and dismissing the indictment charging him therewith, and otherwise affirmed.

If "an anonymous tip of 'men with guns', standing alone, does not justify intrusive police action, and certainly does not rise to the level of reasonable suspicion warranting a stop and frisk" *(People v Benjamin,* 51 NY2d 267, 270), a bare description of black youths on bicycles, in a neighborhood full of black youths on bicycles, did not justify the officer's detention and search of defendant. As the People concede, the gun taken from defendant was therefore the result of an unlawful search and seizure and should not have been admitted into evidence. Reversal of defendant's conviction for possession of the gun renders moot his claim that it was error to impose consecutive sentences. Concur—Carro, J. P., Ellerin, Wallach and Ross, JJ.